

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICKY EDISON,

    Defendant.
_____/

Case No. 13-20627

Honorable John Corbett O'Meara

## OPINION AND ORDER
## DENYING DEFENDANT'S OCTOBER 10, 2013 MOTION TO SUPPRESS EVIDENCE

This matter came before the court on defendant Ricky Edison's October 10, 2013 motion to suppress evidence and for evidentiary hearing. The government filed a response October 31, 2013. No reply was filed. The court heard oral argument on the motion, followed by a short evidentiary hearing December 12, 2013.

## BACKGROUND FACTS

On the evening of July 9, 2013, four Detroit police officers were on patrol in the area of Essex and Chalmers on Detroit's east side. The area of the patrol is a high-crime area, and in the weeks prior there had been reports of a gang shooting and of a family being threatened. At approximately 8:45 p.m. the officers came across a black, pick-up truck stopped in the middle of the road. Someone later identified as defendant Ricky Edison was leaning into the driver's-side window of the truck. He was wearing thin, polyester, basketball shorts and a t-shirt. Officers Nicholas Bukowski saw that Edison's right pocket was weighted down and saw the L-shaped outline of a handgun in the pocket of his shorts. He told the other officers that Edison had a gun.

Officer Bukowski exited the vehicle and approached Edison, who bladed the right side of his body away from the officers in an effort to hide his right side. Bukowski testified that as Edison turned away, Edison grabbed at his right pocket. Bukowski further testified that Edison appeared nervous. Bukowski then reached in Edison's right pocket and removed a semi-automatic pistol, later identified as a 9 m.m. SCCY with an obliterated serial number. Both the gun and Defendant's basketball shorts were preserved for evidence.

In his motion to suppress, defendant Edison argues that the officers had no basis upon which to conduct a Terry stop.

## LAW AND ANALYSIS

The Fourth Amendment protects individuals against "unreasonable searches and seizures." These protections extend to brief, investigatory stops of persons or vehicles that fall short of traditional arrest. Terry v. Ohio, 391 U.S. 1, 9 (1968). In determining whether a Terry stop is reasonable, courts are to look to the "totality of the circumstances." United States v. Sokolaw, 490 U.S. 1, 8 (1989). When evaluating an investigatory Terry stop, a two-step analysis is applied. First, it is determined whether there was a proper basis for the stop: that is, whether the officers were aware of specific facts which gave rise to a reasonable suspicion that criminal activity was afoot. Id. at 12. Second, if the stop was proper, the court determines whether the degree of intrusion was reasonably related in scope to the situation at hand. United States v. Smith, 594 F.3d 530, 536 (6th Cir. 2010). In this case defendant Edison challenges the first prong–whether the officers had reasonable suspicion to stop him.

In evaluating the totality of the circumstances in this case, the court finds there was a proper basis for the stop. The area which the officers were patrolling is a high-crime area; the officers had

received reports of a shooting in that area in the weeks prior to July 9. Officer Bukowski testified that the area has more crime than other Detroit neighborhoods. Three of the four officers in the patrol car observed, from a short distance away, the right pocket of Edison's shorts weighted down with an objected and also observed the outline of a gun through the thin layer of material. When the officer approached Edison, he bladed his right side away from him and grabbed at his right pocket.

Based on what the officers observed, where they were, and defendant Edison's reaction to their presence, the court finds that the officers had a reasonable suspicion that criminal activity was afoot. The second prong of the test was also satisfied, as the degree of intrusion was reasonably related in scope to the situation at hand.

## ORDER

It is hereby **ORDERED** that defendant Edison's October 10, 2013 motion to suppress is **DENIED**.

_____
John Corbett O'Meara
United States District Judge

Dated: December 17, 2015

3